**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEKLEZGI GEBREZGIABHER, | No. 09-17377 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-07864-RMW |
| v. | |
| MIKE C. KREMER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted December 3, 2012
San Francisco, California

Before: HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Petitioner Teklezgi Gebrezgiabher ("Gebrezgiabher") appeals the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his second

degree murder conviction. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Although the state trial court erred in this case by instructing the jury that voluntary manslaughter requires intent to kill, *see People v. Lasko*, 999 P.2d 666, 670–72 (Cal. 2000) (voluntary manslaughter does not require intent to kill), the question we ask on habeas review is whether that error was constitutional in nature, *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010).[1]

Constitutional error requires a showing that the flawed instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (citation omitted) (internal quotation marks omitted). The defective instruction "must be considered in the context of the instructions as a whole." *Id.* at 72–73 (citation omitted).

Here, in addition to properly instructing the jury on second degree murder, the judge instructed that "[t]o establish that a killing is murder and not manslaughter," the state had the burden of proving beyond a reasonable doubt that the killing was not done in the heat of passion, upon a sudden quarrel, or in unreasonable self-defense.

Assuming, as we must, that the jury followed the instructions it was given, *Doe v. Busby*, 661 F.3d 1001, 1017 (9th Cir. 2011) ("A habeas court must presume that

---

[1] Were we to find constitutional error, we would then determine whether, under *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), that error was prejudicial. *Pulido*, 629 F.3d at 1012. As we find no constitutional error, we do not reach the question of prejudice.

jurors follow the jury instructions.") (citation omitted), the verdict establishes that the jury necessarily found beyond a reasonable doubt that Gebrezgiabher did not act in the heat of passion, upon a sudden quarrel, or in unreasonable self-defense. As a result, the jury could not have convicted him of voluntary manslaughter even absent the flawed instruction. The error, therefore, was not constitutional.

**AFFIRMED.**